IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CARLTON LAMONT CHANEY, SR.                                              PETITIONER
Reg. #04860-028

v.                                    2:24-cv-00175-BSM-JJV

GARRETT, Warden,
FCI Medium                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Petitioner Carlton Lamont Chaney, Sr., *pro se*, brings this Petition and Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1, 8.) He alleges he has paid more restitution than he owes and seeks to have his remaining balance discharged. (Doc. No. 8 at 3, 5-6.) After careful consideration of Mr. Chaney's Petition and Amended Petition as well as the Response (Doc. No. 12) and Reply (Doc. No. 13), I recommend the Petition and Amended Petition be dismissed without prejudice.

II.     FACTS

On March 5, 1998, Mr. Chaney was convicted in the United States District Court for the Southern District of Indiana of armed bank robbery, carjacking, carrying and using a firearm during the commission of those offenses, and being a felon in possession of a firearm.  (Doc. Nos. 8 at 48, 12-1 at 2-3.)  He was sentenced to a total of 430 months' imprisonment and ordered to pay $40,299.76 in restitution.  (Doc. No. 12-1 at 2-3.)  After his convictions were affirmed, *United States v. Chaney*, 165 F.3d 33 (Table), 1998 WL 789891 (7th Cir. 1998) (unpublished), Mr. Chaney sought relief pursuant to 28 U.S.C. § 2255.  The sentencing court denied § 2255 relief on July 11, 2002.  (Doc. No. 8 at 48.)  On the same day, the sentencing court entered a separate order vacating a two-level sentence adjustment for reckless endangerment during flight, finding it was not warranted under the circumstances.  (*Id*. at 9.)  The sentencing court ordered that Mr. Chaney's Presentence Investigation Report be appended and that the order be forwarded to the Bureau of Prisons ("BOP").  (*Id*.)  However, the court noted the correction did not alter Mr. Chaney's sentence, as it did not change his guidelines range.  (*Id*.)

Approximately twenty years later, in 2022, Mr. Chaney filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Mississippi, where he was then incarcerated.  (*Id*. at 23.)  In that action, he sought to have his restitution obligation reduced as a consequence of the sentencing court's removal of the two-level sentence enhancement.  (*Id*.)  The action was transferred to the sentencing court on the parties' joint motion, as Mr. Chaney was not challenging the execution of his sentence but the restitution portion of the sentencing court's judgment.  (*Id*. at 23-25.)  The sentencing court dismissed Mr. Chaney's habeas petition, finding his challenge to the restitution portion of his sentence was not cognizable under § 2241.  (*Id*. at 27-35.)

2

Mr. Chaney is now incarcerated at the Federal Correctional Institution – Forrest City Medium.  In his § 2241 Petition and Amended Petition now pending before this Court, he continues to argue that his restitution obligation should have been reduced when the sentencing court vacated the sentence enhancement for reckless endangerment during flight, and he seeks discharge of his remaining balance.  (*Id*. at 3, 5.)  He also raises a challenge under the Inmate Financial Responsibility Program, stating the BOP has improperly taken money from his account for restitution payments without his consent.  (*Id*. at 3, 5-6.)  Respondent Chad Garrett, Warden of the Forrest City FCI, responds that Mr. Chaney failed to exhaust his administrative remedies and is otherwise not entitled to relief under § 2241.  (Doc. No. 12 at 3-7.)

### III.   ANALYSIS

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."  *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)).  The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10.  The process is a multi-step one.  First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  *Id*. at § 542.13(a).  Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level.  *Id*. at § 542.14(a).  Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director."  *Id*. at § 542.15(a).  Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel."  *Id*.  An inmate may seek judicial review only after exhausting each of these steps.  *United States v. Wilson*,

503 U.S. 329, 335 (1992); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Mr. Chaney failed to complete all of the steps of the Administrative Remedy Program. The record includes documentation of an informal resolution attempt from September 2024. (Doc. No. 8 at 21.) Following that, however, Mr. Chaney never submitted a Request for Administrative Remedy concerning his restitution amount or payments. (Doc. No. 12-2 at 3.) In his Reply, Mr. Chaney seems to acknowledge his failure to complete the process but suggests his failure should be excused because the Administrative Remedy Program "can not be utilized for restitution modification." (Doc. No. 13 at 2.) To the extent Mr. Chaney is challenging the BOP's withdrawal of restitution payments from his account under the Inmate Financial Responsibility Program, he is incorrect. Challenges to BOP programs, including the Inmate Financial Responsibility Program, "must be brought under § 2241 after all administrative remedies have been exhausted." *United States v. Diggs*, 578 F.3d 318, 320 (5th Cir. 2009); *see also Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir. 1990); 28 C.F.R. § 542.10(a) (the purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of "an issue relating to any aspect of his/her own confinement"). Thus, Mr. Chaney's assertion that the BOP improperly withdrew funds without his consent should have been presented through the Administrative Remedy Program.

As for Mr. Chaney's claim that his restitution obligation should have been reduced, he is correct that recourse under the Administrative Remedy Program would have been unavailable to him. However, he is not entitled to relief under § 2241 for the same reason – namely, only the sentencing court has authority to modify his sentence. "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of

the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).  Mr. Chaney's request that this Court discharge the remainder of his restitution obligation is simply not cognizable under § 2241.  Moreover, Mr. Chaney is not entitled to § 2241 relief under § 2255's savings clause; the facts that he has already been denied relief under § 2255 and is now well past the statute of limitations for seeking such relief do not make the remedy by motion inadequate or ineffective.  *See, e.g.*, *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

For these reasons, Mr. Chaney's Petition and Amended Petition should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Chaney's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) and Amended Petition for Writ of Habeas Corpus (Doc. No. 8) be DISMISSED without prejudice.

DATED this 8th day of January 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE